UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>MICHELINE DUCENA,<br><br>Debtor. | Case No. 1:26-cv-01168 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Appellant Micheline Ducena ("Appellant" or "Ducena"), proceeding *pro se*, filed a notice of appeal from an order of the Southern District of New York Bankruptcy Court on February 11, 2026. Dkt. 1. On April 27, 2026, Ducena sought an extension of time to file her opening brief. Dkt. 5. The Court granted Ducena's request, Dkt. 6, but service of that order at Ducena's provided address proved unsuccessful. The mailed materials were returned as "not deliverable," with no forwarding address.

Thereafter, on May 26, 2026, the Court ordered Ducena to either (1) to sign and submit the Notice of Change of Address with a current address, or (2) to consent to accept electronic service of documents. Dkt. 8 (the "Order") at 1-2. Ducena was warned that failure to comply with the Order by June 9, 2026, would result in "the action [being] dismissed without prejudice." *Id.* at 2. To ensure that Ducena received the Order, the Court directed the Clerk of Court "to transmit a copy of th[e] [O]rder to Appellant at both her recent mailing address . . . and email address." *Id.* The Order was likewise returned as "not deliverable," with no forwarding address.

Ducena did not comply with the Order by June 9, 2026. Instead, on June 25, 2026, Ducena again sought an extension of time to file her opening brief. Dkt. 9. Her request made no mention of any steps taken to comply with the Order. Nevertheless, the Court granted Ducena's extension request and, as a courtesy, likewise extended her deadline to comply with the Order to July 17, 2026. Dkt. 11. Ducena was again warned that "if she fail[ed] to submit a form of her

choice by [the extended deadline], the action w[ould] be dismissed without prejudice." *Id.* at 1. Once again, Ducena failed to comply with the Court's Order.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, No. 07-cv-05654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, No. 91-cv-06777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)), *report and recommendation adopted*, 2010 WL 451047, at *1. Yet, to date, Ducena has failed to meet that obligation — in contravention of the Court's Order. The Court is thus left with no means to contact Ducena. Where "a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, 'the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." *Long v. Griffin*, No. 18-cv-09654 (NSR), 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022) (alteration adopted) (quoting *Mercedes v. New York D.O.C.*, No. 12-cv-02293 (LTS) (DF), 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013)); *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). Accordingly, the Court now considers the factors guiding a Rule 41(b) dismissal:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F. 3d 52, 63 (2d Cir. 2000). "No one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Here, the second, third, fourth, and fifth factors weigh in favor of dismissal. First, Ducena was on notice that her failure to prosecute her case would result in dismissal. *See* Dkts. 8, 11. Second, "[p]rejudice to [litigants] resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *accord Williams v. Kelly*, No. 11-cv-09607 (PAC) (KNF), 2014 WL 630654, at *4 (S.D.N.Y. Feb. 18, 2014). And Ducena's "failure to update [her] address and to comply with the court['s] [related] orders is [additionally] prejudicial to [Appellees], who are unable to move the action forward without [Appellant]'s contact information and [her] participation in the action." *Hassan v. Doe*, No. 19-cv-06424 (JPC) (KNF), 2021 WL 3863371, at *3 (S.D.N.Y. May 28, 2021), *report and recommendation adopted*, 2021 WL 3863367 (S.D.N.Y. Aug. 30, 2021). Third, "[t]he Court's interest in managing its docket outweighs [Appellant]'s interest in receiving further chances to be heard given her repeated failure to move this case forward," and insistence on further delays despite accommodations by the Court. *Miliano v. Best Care Inc.*, No. 24-cv-06641 (JMA) (SIL), 2025 WL 1411245, at *2 (E.D.N.Y. May 15, 2025); *see also Lyell*, 682 F.2d at 42-43 (observing that "a pattern of dilatory tactics" such as "repeated requests for continuances" can "warrant dismissal after merely a matter of months"). Fourth, the Court has considered a lesser sanction than dismissal with prejudice and finds that dismissal without prejudice is appropriate. Thus, having weighed the required factors, the Court concludes that dismissal without prejudice is warranted. *See, e.g.*, *Burney v. Rivera*, No. 12-cv-04962 (NGG) (LB), 2014 WL 2123087, at *3 (E.D.N.Y. May 21, 2014) (finding that a *pro se* litigant's failure to provide the court with notice of a change of address warranted dismissal without prejudice), *report and recommendation*

*adopted*, 2014 WL 2123087, at *1; *Edwards v. Stevens*, No. 11-cv-07329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (holding that where "a plaintiff fails to provide the [c]ourt with his current address, dismissal pursuant to Fed. R. Civ. P. 41(b) without prejudice is appropriate"); *Pratt v. Behari*, No. 11-cv-06167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (observing that "[t]he case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the [c]ourt is a ground for failure to prosecute"); *accord Laney v. Ramirez*, No. 10-cv-09063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases).

The Court accordingly dismisses this action, under Rule 41(b), for failure to comply with its May 26, 2026 Order. This dismissal is without prejudice to Appellant's filing a new civil action. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to CLOSE this case and to transmit a copy of this order to Appellant at both her last known mailing address (325 E 25 St. #404 New York, NY 10010) and email address (alainwayoub@gmail.com).

Dated: July 28, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge